Davidson *v.* Poli.

## ABE DAVIDSON *vs.* SYLVESTER Z. POLI.

Second Judicial District, Norwich, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The plaintiff instituted an action of summary process in which he alleged that the defendant's lease of his theater building had terminated because of nonpayment of insurance premiums. The lease made no mention of insurance and merely provided that the defendant should pay certain enumerated charges "and all other ordinary and necessary expenses incident to the business aforesaid;" but a bond executed by the defendant two years after the date of the lease to ensure his performance of its terms, recited that the defendant had, under the terms of the lease, agreed to pay "taxes, insurance and repairs of the interior of said property." The justice of the peace instructed the jury that the bond was to be read into the lease so as to add thereto a covenant by the defendant to pay insurance premiums. *Held* that this was error, since it did not appear that the bond was in any way intended as a modification or alteration of the original contract of lease; and that its effect, at most, was to indicate, by no means conclusively, the practical construction put upon the terms of the lease by the parties themselves.

Questions such as these, raising complicated legal problems of the construction of instruments, cannot properly be determined in an action of summary process. That remedy, as established by § 6119 of the General Statutes, is limited to cases where the issue of the expiration of the lease, involving only lapse of time, or nonpayment of rent, or the violation of an express stipulation therein, presents itself to the justice court as a plain, simple question of fact.

This court cannot pass upon errors alleged to have been committed by the justice of the peace in his rulings upon evidence, where neither the questions, the objections, nor the surrounding circumstances, are set forth in the bill of exceptions.

Argued April 28th—decided June 30th, 1925.

WRIT OF ERROR to reverse a judgment of a justice of the peace in an action of summary process in favor of the landlord, brought by the tenants to the Court of Common Pleas in New London County and tried to the court (*Waller, J.*), which found error in the judgment

of the justice of the peace, and from this judgment of reversal the landlord appealed. *No error.*

The plaintiff before the justice of the peace and defendant in error here, leased to the plaintiff in error a building known as Poli's theatre, in the city of Norwich, with its furniture and equipment, for the term of five years ending July 15th, 1927. The lessee in terms agreed "to pay all necessary expenses incident to the use and management of said property for the purpose aforesaid, including heating, lighting, taxes, all expenses for interior repairs and all other ordinary and necessary expenses and improvements incident to the business aforesaid." The lease contained a stipulation for termination upon the failure of the lessee to perform each and all of his covenants, after fifteen days notice in writing; and the notice to quit, given November 1st, 1924, specified particularly the lessee's "failure to pay the taxes on the leased premises and to pay the insurance thereon, as provided for by said lease and a bond dated the 2nd day of April, 1924, executed by Abe Davidson, as principal, and Peter Sellas and Virtume P. A. Quinn as sureties." The bond referred to was given to secure the performance of the lessee's covenants contained in the lease.

The complaint in summary process, dated November 19th, 1924, alleged as a breach of covenant that the plaintiff, since the execution of the lease, had been compelled to pay $3,017.03 for insurance premiums on the leased premises, which the lessee failed to repay on demand.

The lease itself contains no covenant on the part of the lessee to pay premiums for insurance on the premises, unless the payment of such premiums is required by the covenant to pay "all other ordinary and necessary expenses and improvements incident to the business aforesaid;" but the complaint alleges the

execution of the bond referred to in the notice to quit, and in that bond it is recited that the lessee has executed a lease of the premises "and does under the terms of said lease agree to pay for taxes, insurance and repairs of the interior of said property during the term of the lease."

On the trial in the justice court the plaintiff claimed, and the justice so charged the jury, that the bond was a part of the lease; on the theory that the recital of the bond was in legal effect an alteration, amendment or explanation of the general covenant contained in the lease to pay ordinary and necessary expenses incident to the business of operating the theatre, so that a covenant to pay for insurance was thereby added to the lease.

On the trial of the writ of error in the Court of Common Pleas, that court found error in the exclusion of certain evidence referred to in the bill of exceptions and in the charge of the justice on the point above noted.

*Benjamin Slade,* with whom was *Louis Weinstein,* for the appellant (defendant in error).

*Charles V. James,* with whom was *Arthur M. Brown,* for the appellee (plaintiff in error).

BEACH, J. It seems clear that the Court of Common Pleas rightly held that the justice of the peace erred in charging the jury that the recitals of the bond, given practically two years after the execution of the lease, were to be read into the lease itself as if incorporated therein. There is nothing on the face of the bond which indicates an intention to modify in any way the antecedent contract of lease. On the contrary, the recital in question is that the lessee has theretofore

executed the lease "and does under the terms of said lease agree to pay for taxes, insurance and repairs of the interior of said property during the term of said lease." And the condition of the bond is that "if the said Abe Davidson shall well and truly perform and adhere to the terms of the said lease, and faithfully carry out the covenants as therein specified," then this obligation shall be null and void, etc. The apparent purpose of the bond was to secure the performance of the lessee's existing covenants as specified in the lease; and not to add a new covenant thereto.

It does not appear that any bond was required when the lease was executed, and the subsequently executed bond stands on this record as a separate collateral undertaking. Moreover, the action of summary process is wholly statutory, and is available only when a lease expires by lapse of time, "or by reason of any express stipulation therein." As pointed out in *Du Bouchet* v. *Wharton,* 12 Conn. 533, 538, "it has ever been the policy of our law, not to submit the title to real estate to the decision of a justice of the peace," and for that reason the action of summary process is limited to "a few plain, simple questions of fact." We are of opinion that under § 6119 of the General Statutes, the action is limited to cases where the issue of the expiration of the lease presents itself as a simple issue of fact, not complicated by questions as to the proper legal construction of the lease. In the case before us the lease contains no express covenant for the payment of insurance premiums by the lessee, and the most that can be said is that by construing the lease and the bond together some inconclusive indication may appear that the parties put that construction upon the *ejusdem generis* clause—"and all other ordinary and necessary expenses and improvements incident to the business aforesaid." We do not think that the statute

intended to leave questions of that kind to be summarily determined in a justice court.

The bill of exceptions does not set forth the rulings on evidence complained of with sufficient clearness to enable us to know what testimony was excluded by the trial justice, or whether the Court of Common Pleas erred in holding that the trial justice committed error in excluding the questions referred to in paragraphs six and eight of the bill.

The questions ruled out are not stated, no reason is given for the objection made, and no statement is made as to the character of the testimony offered and excluded.

There is no error.

In this opinion the other judges concurred.