This summary process action, claiming possession of certain premises in Guilford, was tried to the court. The principal question raised by the defendants in their appeal is whether the notices to quit satisfy the statutory requirements pertaining to summary process actions. The defendants' motion to correct the finding and the granting of this motion on all paragraphs with the exception of the two regarding the conclusion of the court as to the notices to quit narrow the basic issue in this appeal to the following question: In a situation where there are two tenants occupying the same premises, are the requirements of the statute regarding the serving of duplicate notices to quit upon the tenants or occupants of the premises met where the landlord or landlords serve separate duplicate copies of notices to quit, one addressed specifically to one tenant and the other addressed specifically to the other tenant? There seems to be no serious contention on the part of the defendants that the notices to quit were not duplicate copies of the original notices to quit, which were introduced into evidence. All four notices (two original and two duplicate copies) were introduced into evidence and marked as exhibits.
A summary process action is a statutory remedy and is to be strictly construed. Colt v. Eves,12 Conn. 242, 259; White v. Bailey, 14 Conn. 271, 277. The statute under which this action was commenced, § 52-532 of the General Statutes, provides that when the owner desires to obtain possession of his premises, occupied by another, he shall give notice in writing, and "[d]uplicate copies of such notice shall be made, one of which shall be delivered to the lessee or occupant or left at his place of residence by a *Page 293 
proper officer or indifferent person." In Lorch v.Page, 97 Conn. 66, 72, the court stated the distinction between true copies and duplicate copies: "`Duplicate copies of such notice' . . . means two copies, the original notice and a copy which repeated the original notice and had the validity of the original." Nowhere in any of the decisions called to our attention has there been a rule enunciated requiring notices to quit which are served upon two or more tenants to be identical. The statute merely requires that the copies served upon the tenants be duplicate copies. This court should not impose a requirement not contemplated by the statute. This court therefore concludes that substantial compliance with the statute has been made by the plaintiffs and that the trial court was warranted in finding that the notices to quit which were served upon the tenants were duplicate copies of the original notices to quit.
The action by the sheriff in endorsing "a true copy" on the copies served upon the tenants would not deprive duplicate copies of their character as duplicates. In making inquiry into the nature of the notices to quit, the court rightly treated as mere surplusage language in the officer's endorsement.
The defendants' claim of error in the court's ruling on the demurrer was not raised in their assignment of errors and is therefore not considered.Jeschor v. Guilford, 143 Conn. 152, 156;Putterman v. Miller, 133 Conn. 70, 73; Practice Book, § 409; Cir. Ct. Rule 7.51.1; Maltbie, Conn. App. Proc. § 167.
 There is no error.
In this opinion MATZKIN and KINMONTH, Js., concurred.