JAMES SIGROS ET AL. *v.* HYGENIC RESTAURANT, INC.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1216

Argued April 21—decided October 8, 1982

*Peter W. Rotella,* for the appellants (plaintiffs).

*Dominic S. Piacenza,* for the appellee (defendant).

SPADA, J. The issue raised by this appeal is whether the grounds alleged for termination of the lease involve complex legal issues beyond the proper scope of summary process.

The plaintiffs as lessors sought possession based on termination of the lease. The trial court dismissed the complaint because it raised complicated questions as to the proper legal construction of the lease, which were deemed outside the scope of a summary process proceeding. The plaintiffs have appealed from the granting of the defendant restaurant's motion to dismiss.

The record and briefs do not place the facts in serious dispute. On December 2, 1971, the parties entered into a buy and sell agreement for a restaurant-liquor business contingent upon the execution of a twelve-year commercial lease with a renewable option for eight years. In addition to acquiring the business and the lease, the defendant pur-

chased all of the stock, inventory and equipment for $60,000. The lease is a six-page document containing multiple covenants concerning the rights and duties of the parties.

Discovery confirmed that the plaintiffs specifically claimed, as the basis for termination of the lease, the following grounds: waste, failure to make repairs, accumulation of debris, unpaid utility bills and violations of the building code.

The plaintiffs on appeal assert that the trial court, without evidence, could not grant the defendant's motion to dismiss and that the lease covenants in dispute were neither ambiguous nor complex.

A review of the complex factual and legal issues reflected in the record establishes that the trial court had a reasonable basis to conclude that the lease in issue presented more than the resolution of a few simple issues of fact uncomplicated by questions as to the proper legal construction of the lease. *Scinto* v. *Bridgeport Cash & Carry, Inc.*, 38 Conn. Sup. 514, 452 A.2d 940 (1980).

The plaintiffs' second contention is that the leasehold provisions under attack were neither ambiguous nor complicated and therefore fall within the ambit of the summary process. A summary process action should be limited to simple issues of fact, not complicated by questions of interpretation of leasehold covenants. *Davidson* v. *Poli,* 102 Conn. 692, 695, 129 A. 716 (1925); *Scinto* v. *Bridgeport Cash & Carry, Inc.,* supra.

The issue in *Scinto* was whether water damage to inventory was within the scope of a leasehold provision providing for equitable allotment of rent in the event the landlord failed to make repairs required by the lease. The court held that the interpretation of the leasehold provisions does not appear to fall into

the category of simple, uncomplicated issues of fact and therefore summary process did not lie. *Scinto* v. *Bridgeport Cash & Carry, Inc.,* supra.

In *Davidson,* the Supreme Court, in effect, objected to "submit[ting] the title to real estate to the decision of a justice of the peace." *Davidson* v. *Poli,* supra, quoting *DuBouchet* v. *Wharton,* 12 Conn. 533, 538 (1838). For that reason it held that the summary process should be limited to "a few plain, simple questions of fact." *Davidson* v. *Poli,* supra, quoting *DuBouchet* v. *Wharton,* supra.

The plaintiffs argue that the trail court in *Scinto* was called to interpret ambiguous leasehold provisions. Our response is that the test for preempting issues from the scope of the summary process procedure is not exclusively ambiguity. Rather it includes a spectrum of issues to be resolved by the trial court in the exercise of its reasonable discretion. The exercise of discretion should consider, inter alia, the complexity of the issues raised, the length and terms of the lease, the circumstances existing when the parties entered into it, likely time requirements for trial, the provisions of buy and sell agreements concomitant with the lease, options to buy or renew, instalment payments and the creation of equity property rights in the tenant.

Neither *Scinto* nor *Davidson* was intended to lay down a hard and fast rule for the exclusion of landlord-tenant disputes from the summary process courts. Both *Davidson* and *Scinto* recognized that complicated, time-consuming factual and legal issues exceed the time contraints imposed on the summary process trial judge and impede the orderly resolution of landlord-tenant disputes.

The parties herein are more than landlord-tenant; they are also seller and buyer of a restaurant business for a substantial price. Without a long term lease, the

restaurant is unlikely to possess market value. The site has a unique value to the defendant because it represents the owners' livelihood. A forfeiture will work a dual hardship to the defendant: a loss of earnings and a loss of marketability of the restaurant. Further, the plaintiffs, if successful, could acquire a business location the value of which has become enhanced by the defendant's efforts. The litigation of the factual issues raised is unlikely to receive a full and unhurried hearing at the geographical area trial level. In view of the permanent consequences likely to attach from a resolution of the issues raised and the complexity intrinsic thereto, we cannot hold that the trial court's conclusion was clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); Practice Book § 3060D.

There is no error.

In this opinion BIELUCH and COVELLO, JS., concurred.