## CELIA YARBROUGH *v.* GEORGE DEMIRJIAN
## (6311)

SPALLONE, DALY and STOUGHTON, Js.

Argued September 20—decision released November 1, 1988

*Alfred J. Onorato,* with whom, on the brief, was *Vincent J. Dooley,* for the appellant (defendant).

*Jean M. D'Aquila,* with whom, on the brief, was *Michael J. Gustafson,* for the appellee (plaintiff).

1

DALY, J. The plaintiff instituted a summary process action to recover possession of her residence which the defendant had been occupying. The defendant appeals from a judgment rendered in favor of the plaintiff. The dispositive issue is whether the trial court erred in concluding that an oral lease existed between the parties. We find no error.

The trial court found the following facts. The parties had been close friends for a number of years. On June 27, 1980, the parties executed a bond for deed providing for the sale of premises owned by the plaintiff in Middletown. The purchase price was $70,000; the defendant paid $39,000 as a downpayment, leaving a balance of $31,000 due at the time of the transfer of title. The bond for deed provided that the closing would take place on or before January 1, 1982. The closing, however, never occurred. After execution of the bond for deed, the plaintiff returned to Texas and her two children occupied the premises from June, 1980, to November, 1983. During that time, the plaintiff's children paid the mortgage, interest and taxes on the property in lieu of paying rent. The defendant moved onto the premises in November, 1983, pursuant to an oral agreement with the plaintiff. During his possession of the premises, the defendant also paid the mortgage, interest and taxes.

On December 10, 1986, the defendant was served with a notice to quit possession. In his special defenses to the action, the defendant maintained that he had entered the premises pursuant to the bond for deed, thereby precluding a summary process action under General Statutes § 47a-2.[1] In addition, the defendant argued that the

[1] General Statutes § 47a-2 provides in pertinent part: "[T]he following arrangements are not governed by this chapter and sections . . . 47a-23 to 47a-23b . . . (2) occupancy under a contract of sale of a dwelling unit or the property of which such unit is a part, if the occupant is the purchaser or a person who succeeds to his interest . . . ."

summary process action was barred due to the pendency of his suit against the plaintiff for specific performance of the bond for deed. This argument relies on the principle that two suits should not be brought for the determination of a matter between the same parties when that determination can be properly and effectually made in one suit. See *Cahill* v. *Cahill,* 76 Conn. 542, 548, 57 A. 284 (1904).

The trial court's finding that the defendant's occupancy of the premises was pursuant to an oral lease, rather than under the bond for deed, is dispositive of this appeal.

"Where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . . " *Davis* v. *Naugatuck,* 15 Conn. App. 185, 188, 543 A.2d 785 (1988); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Our review of the record indicates that the trial court's determination that a landlord-tenant relationship existed between the parties is sufficiently supported by the evidence and is not clearly erroneous. Accordingly, the trial court did not err in rendering judgment for the plaintiff.

Because the relationship between the parties was one of landlord and tenant, the plaintiff was correct to bring a summary process action to recover possession of the premises. *Scinto* v. *Bridgeport Cash & Carry, Inc.,* 38 Conn. Sup. 514, 516, 452 A.2d 940 (1980). Summary process is aimed at deciding the simple question of who is entitled to possession. *Urban* v. *Prims,* 35 Conn. Sup. 233, 236, 406 A.2d 11 (1979). In seeking specific performance of the bond for deed, the defendant claims

that he has an enforceable right to the title to the premises. The two suits clearly did not seek a determination of the same issue.

There is no error.

In this opinion the other judges concurred.