MYRON CHOMKO *v.* IRA PATMON ET AL.
(7267)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 11—decision released August 29, 1989

*Mary Ann Barile,* with whom, on the brief, was *Laurence V. Parnoff,* for the appellant (plaintiff).

*Heidi G. Winslow,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment rendered by the trial court for the defendants in this summary process action. The plaintiff claims that the trial court erred (1) in failing to find that a landlord and tenant relationship existed, (2) in failing to find a tenancy at sufferance, (3) in failing to draw an adverse inference because a defendant did not testify, and (4) in finding sufficient credible evidence to support the defendants' claim. We find no error.

The facts giving rise to this claim are as follows. On March 1, 1982, the parties executed a "Contract for Sale"[1] providing for the sale of the plaintiff's condominium to the defendants. On the same day, the defendants executed two promissory notes. One note was in the amount of $24,959.10 and required monthly payments of $210.61. The other note was in the amount

---

[1] Although the document to which the plaintiff refers is entitled "Contract for Sale," it can be more accurately characterized as a Bond for Deed, i.e., "an installment sale contract of real property where the buyer takes possession of the property but does not receive fee simple title of the property until a later date. Further, [a Bond for Deed] is used to assume the existing mortgage loan . . . . " R. Burke, Connecticut Real Property Law, § 64.

of $17,040.90, of which $5000 was paid as a deposit when the contract was executed. Interest on this second note was to be paid in monthly installments and its outstanding principal was due in full on March 1, 1988. Under the terms of the agreement, the defendants took immediate possession of the condominium and were responsible for payment of all real estate taxes, utility charges, municipal assessments, fire and liability insurance premiums, as well as all common charges assessed by the condominium association. The plaintiff promised that he would not further encumber the property and that he would transfer the warranty deed to the defendants when the notes were paid in full.

Shortly after the execution of the contract, the defendants fell behind in their payments and the plaintiff attempted to regain possession of the premises. The plaintiff served the defendants with a notice to quit possession on June 18, 1987. This notice claimed that the reason for eviction was "non-payment" and "violation of occupancy agreement." The plaintiff followed this notice with a summary process complaint alleging breach of a sales agreement for failure to pay the principal and interest on the promissory notes as well as the defendants' failure to uphold their other obligations under their sale agreement. The original complaint was revised four times. In the third and fourth revisions the plaintiff claimed, for the first time, that the defendants had breached an oral rental agreement. The trial court rendered judgment for the defendants finding that the plaintiff failed to establish that a landlord and tenant relationship existed between the parties.

The plaintiff's first claim is that the trial court's finding that no landlord and tenant relationship existed between the parties was error. We disagree.

"It is a basic rule of pleading that the ' " 'allegations of a complaint provide the measure of recov-

ery.' . . ." ' " *New Haven* v. *Mason,* 17 Conn. App. 92, 96, 550 A.2d 18 (1988). The plaintiff in this action has instituted a summary process proceeding. The sole purpose of such an action is to permit a landlord to recover possession of his premises upon the termination of a lease. *Bridgeport* v. *Barbour-Daniel Electronics, Inc.,* 16 Conn. App. 574, 581, 548 A.2d 744 (1988), cert. denied, 209 Conn. 826, 552 A.2d 432 (1989). Because this proceeding was brought before the court by way of a summary process complaint, it was necessary for the trial court first to determine whether a landlord and tenant relationship existed.

We agree with the trial court's determination that no such relationship existed. A landlord and tenant relationship "will never be implied where the acts and conduct of the parties are inconsistent with its existence." 49 Am. Jur. 2d, Landlord and Tenant § 11. Our review of the record leads us to conclude that the acts and conduct of the parties to this action indicated that their relationship was one of seller-mortgagee and buyer-mortgagor under the contract they executed on March 1, 1982. The plaintiff's initial complaint and first revision relied on the contract for sale as the basis of the parties' relationship. Even though the third and fourth revisions of the complaint alleged that there was a later oral rental agreement between the parties, it was within the discretion of the trial court to find that such an agreement never existed. "[A]lthough the testimony might have supported a different finding, the trial court was not bound to accept as persuasive even testimony that was not directly contradicted. *Johnson* v. *Healy,* 179 Conn. 97, 103, 405 A.2d 54 (1978)." *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 146, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984). Further, statements made in a superseded complaint may be considered by the trier of the fact as evidential admissions. *Dreier* v. *Upjohn Co.,* 196 Conn. 242,

247–50, 492 A.2d 164 (1985). We conclude that the court was entitled to consider the plaintiff's original allegations and we agree with its conclusion that the defendants were occupying the premises under a sales agreement. Cf. *Yarbrough* v. *Demirjian,* 17 Conn. App. 1, 3, 549 A.2d 283 (1988).

The plaintiff's second claim is that the trial court erred in failing to find that the defendants were tenants at sufferance. We disagree. In asserting this claim, the plaintiff has misconstrued the meaning and application of this term. A tenant at sufferance is a tenant who holds over at the expiration of a lease without the consent of the landlord. See *Welk* v. *Bidwell,* 136 Conn. 603, 608–609, 73 A.2d 295 (1950); see also, R. Burke, Connecticut Real Property Law § 91 (b). Only if the defendants had first been tenants, could they subsequently become tenants at sufferance.

To support his argument, the plaintiff relies on General Statutes § 47a-23 which provides, in part, that a tenancy at sufferance will be applied to rental agreements or leases "where one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . ." The plaintiff seems to have overlooked, however, General Statutes § 47a-2 which provides that § 47a-23 does not apply to "occupancy under a contract of sale of a dwelling unit or the property of which such unit is a part, if the occupant is a purchaser or a person who succeeds to his interest . . . ." Because the parties' relationship stemmed from a purchase and sale agreement, we agree with the trial court's finding that the defendants were not tenants at sufferance.

The plaintiff's next claim is that the trial court erred in failing to draw an adverse inference from the failure of the defendant Callie Patmon to appear and testify. Before an adverse inference may be drawn, two

requirements must be met. The witness must be available, and he must be a witness whom the party would naturally produce. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960); *Seperack* v. *Solaz,* 17 Conn. App. 684, 690, 556 A.2d 175, cert. denied, 211 Conn. 804, 559 A.2d 1138 (1989). In order to have the jury charged or the court apply the *Secondino* inference, the party claiming the benefit from the inference must establish on the record that he or she is entitled to it. *Blake* v. *Blake,* 211 Conn. 485, 493, 560 A.2d 396 (1989). The plaintiff asserts in his brief that he proved all of the prerequisite conditions for an adverse inference at trial. The defendants' brief, however, claims that there was no evidence presented to the trial court to support the plaintiff's claim of availability. We are unable to resolve these opposing claims because the plaintiff has not supplied this court with a transcript showing a request that the court draw an adverse inference or proof of availability. It is the appellant's responsibility to provide us with an adequate record for review. Practice Book § 4061; *Buchetto* v. *Haggquist,* 17 Conn. App. 544, 549, 554 A.2d 763, cert. denied, 211 Conn. 808, 559 A.2d 1141 (1989). Without a transcript this court has no basis to review the lower court's findings and therefore will not disturb them. *Boston Market Equipment Co.* v. *Chin,* 9 Conn. App. 821, 822, 520 A.2d 232 (1987).

The plaintiff's final claim is that there was insufficient evidence to support the trial court's judgment in favor of the defendants. "We are entitled to presume that the trial court acted properly and considered all the evidence." *Soloman* v. *Aberman,* 196 Conn. 359, 376, 493 A.2d 193 (1985). We will not address "wholesale challenges to the findings which result in attempts to have this court retry issues of fact." *Halperin* v. *Pine Plaza Corporation,* 180 Conn. 85, 87, 428 A.2d 340 (1980). It is well established that the appellate courts

will not retry facts or pass upon the credibility of witnesses and the weight to be accorded the evidence. *Cioffoletti Construction* v. *Nering,* 14 Conn. App. 161, 162, 540 A.2d 91 (1988). Our review is limited to a determination of whether the trial court's judgment was clearly erroneous or contrary to law. Id. After a careful review of the record and arguments with respect to this claim, we hold that the trial court did not err.

There is no error.

In this opinion the other judges concurred.