[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF COURT'S DENIAL OF MOTION TO REOPEN OF DEFENDANTS, AMANDA AND CLAUDIA STEPHEN, AND THEIR MOTION TO DISMISS
FACTS
The plaintiff, Edward Rosenfield, is a resident of Connecticut and resides at 30 White Pine Lane, West Hartford, Connecticut. The plaintiff, FGM Investment Company, is a Connecticut Corporation with its principal place of business located in West Hartford, Connecticut. The plaintiff, Steven Eckhouse, is an individual resident of Connecticut and resides in CT Page 4297 South Windsor, Connecticut. The defendants, Richard B. Stephen, Claudia Stephen, Amanda Stephen, John Doe and Jane Doe are individual residents of Connecticut residing at 711 Berkshire Road, Berkshire Estate Summer Colony, in Southbury, Connecticut.
The defendant, Richard B. Stephen, granted a mortgage to Pearl Main Investment Company, a Connecticut corporation of West Hartford, Connecticut, as security for a loan. Said mortgaged property is located at 711 Berkshire Road, Berkshire Estate Summer Colony, in Southbury, Connecticut. The mortgage was dated March 3, 1988, and was recorded in the Land Records of the Town of Southbury in Volume 217 at Page 647. The property was foreclosed on October 16, 1989 upon the December, 1988 complaint of Pearl Main Investment Company against Richard B. Stephen, the owner of the equity of redemption in the mortgaged premises, and Jeffrey W. Reinan, Trustee, Stelco Industries, Inc.
The time limited for redemption in the judgment of foreclosure passed and the title to the properly became absolute in Pearl Main Investment Company on November 10, 1989. The foreclosed property was thereafter conveyed in undivided one-third (1/3) interests by Pearl Main Investment Company to the three plaintiffs by quit claim deed dated March 20, 1991.
Pursuant to an execution of ejectment under Connecticut General Statutes 49-22 in the mortgage foreclosure action dated July 23, 1992, the defendant, Richard Stephen was to be ejected from property on or before July 29, 1992. Defendants Amanda and Claudia Stephen and John and Jane Doe were not specifically named in the execution of ejectment.
Thereafter, since the defendants remain on the premises, a notice to quit, dated October 19, 1992, was served by the plaintiffs on all defendants and reads that: "[a]lthough you had originally been given a right or privilege to occupy such premises other than under a rental agreement or lease, that right or privilege has been terminated pursuant to the judgment of strict foreclosure entered in the Superior Court, Judicial District of Waterbury at Waterbury, Docket No. CV88-88462-S on the 16th day of October, 1989 whereby title to said premises became absolute in the said Pearl-Main Investment Company on the 10th day of November, 1989." Defendants were to quit possession on or before October 31, 1992. Then, on or about November 1, 1992, the instant summary process action was filed. On December 7, 1992, pro se appearances were filed by Richard Stephen, Amanda Stephen and CT Page 4298 Claudia Stephen. (There were two Doe defendants for which default motions for failure to appear were granted and also judgment of possession on January 4, 1993.) This court entered a default judgment on January 4, 1993, for failure to plead against the three Stephen defendants and granted the plaintiffs' motion for judgment of possession under Connecticut General Statutes47a-26a. No appeal was filed within the time frames set forth under Connecticut General Statutes 47a-26g, 47a-35 through47a-35b and 51-197c through 51-197f.
Defendant, Amanda Stephen, filed a request for a stay of execution on January 12, 1993, and that request for stay was orally amended in court to include both other defendants on January 19, 1993. The court granted the amendment to the motion and the plaintiff vigorously objected to the amended motion. The amended motion was denied by the court on January 19, 1993. The defendants, Amanda and Claudia Stephen, then each filed a Motion to Reopen the Judgment and a Motion to Dismiss the Complaint on or about January 26, 1993. These motions were vigorously argued.
PROCEDURES
The court must first consider the motion to reopen judgment and if that motion is granted, then it will address the motion to dismiss. If, however, the motion to reopen is not granted, the court then does not reach the motion to dismiss.
In this case, the court looked to the grounds stated in both pro se motions to see if either or both make out a case to grant the motion to reopen. In particular, the court looks to the grounds in the motion to dismiss to ascertain whether or not there was a good defense in whole or part at the time of rendition of the judgment.
MOTION TO REOPEN
Pursuant to Practice Book 377[1]; any judgment rendered upon a default may be opened within four months after the date judgment was rendered upon written motion, showing reasonable cause, that a good defense in whole or part existed at the time of rendition of a judgment and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same.
A motion to reopen may be granted when the movant has a CT Page 4299 meritorious defense and good cause for having failed to appear. Steve Viglione v. Sakonchick, 190 Conn. 707 (1983); Clapper v. Clapper, 3 Conn. App. 637 (1985).
Amanda and Claudia Stephens' motions to reopen recite that because Claudia and Amanda Stephen were not named in the foreclosure case, this court can not proceed in the summary process case filed against them until they are also named and ejected in the foreclosure action, since closed. The motion also cites the cases of Cion v. Schupack, 102 Conn. 644 (1925) and Bristol Lumber Co. v. Dery, 114 Conn. 88 (1932).
Amanda and Claudia Stephens' motions to dismiss claim that the Housing Court lacks jurisdiction to preside over a strict foreclosure action and that this court hearing the summary process action lacks jurisdiction over them because they were not specifically named in the strict foreclosure case. The defendants did not offer any evidence on these motions other than what was stated in the written motions. But for a statement in the motion to reopen that these issues became evidence in researching the decision of this court, the defendants did not offer any evidence at the hearing on these motions that they were prevented at the time judgment was rendered by any mistake, accident or other reasonable cause from pleading any defense.
Connecticut General Statutes 49-22 addresses execution of ejectment in foreclosure actions 2nd provides, in relevant part, that "no execution shall issue against any person in possession who is not a party to the action." Mr. Richard Stephen is the only defendant in this case that was a named defendant in the foreclosure action.
The case of Hite v. Field, 38 Conn. Sup. 70, 462 A.2d 393, 1982
discusses Connecticut General Statutes 49-22. It involved omitted defendants[2] who successfully obtained an injunction relative to a writ of ejectment incidental to a foreclosure action. The court indicated that the defendants, as to a writ of ejectment, because they were not named as parties, did not have an "opportunity under the statute for a meaningful hearing on the issues of whether the lis pendens should be discharged", at 75.
The court further indicated that the old form of notice provision under the ejection statute incidental to a foreclosure action was "not one which was reasonably calculated to apprise the plaintiffs (the tenants) of the pendency of the foreclosure action CT Page 4300 so as to afford them an opportunity to present their objection", at 78.
"Accordingly, we hold that the plaintiffs were denied their right to due process of law, guaranteed them by both theFourteenth Amendment to the United States Constitution and Article First, Section Ten of the Connecticut Constitution". At 78.
The court in that case observed that since the foreclosure on which the ejectment was based had already gone to judgment, the appropriate remedy for the plaintiff (tenants) was an injunction. It noted, however, that the injunctive order should not be construed as affecting the defendant's right to proceed under the summary process law. See at 80.
This case is not dissimilar to Yarbrough v. Dmirjian,17 Conn. App. 1, 549 A.2d 283 (Conn.App. 1988). In that action the plaintiff commenced a summary process action to recover possession of her residence, which the defendant was then occupying. The defendant's defense indicated that he executed a bond or deed providing for the sale of the premises owned by the plaintiff and had a right to occupy the same having paid a down payment of $39,000.00, leaving a balance owed of $31,000.00.
Notwithstanding the bond for deed, Judge Daly indicated that because the trial court found the relationship between the parties was "one of landlord and tenant the plaintiff was correct to bring a summary process action to recover possession of the premises". At page 3. Citing, Scinto v. Bridgeport Cash and Carry, Inc.,38 Conn. Sup. 514, 516, 452 A.2d 940 (1980).
Summary process is aimed at deciding the simple question of "who is entitled of possession?" Urban v. Prims, 35 Conn. Sup. 233,236 (1979). Furthermore, no leasehold interest is required for dispossession under Connecticut General Statutes 47a-23. Urban, at 234. Section 47a-23 requires neither the existence of a landlord-tenant relationship no. the consistency of ownership for successful eviction. Urban at 234-235.
The two cases cited by the defendants are to no avail. Specifically, Bristol Lumber Co. v. Dery, 144 Conn. 88, 93 (1931) supports this court's conclusion that the plaintiffs in this action were obligated to commence a separate proceeding against these defendants because they were not party to the foreclosure action. See Bristol at 93. CT Page 4301
Further, even though Amanda and Claudia Stephen were not named in the foreclosure action, they do not dispute that they were both properly served in this summary process action and that, therefore, this court does have jurisdiction over them for summary process purposes.
Accordingly, for the reasons cited above, the court did not find any ground for opening the judgment under Practice Book 377 and therefore denied that motion on February 1, 1993. The court also noted that day that it also denied the motion to dismiss. Today's articulation will correct that to reflect the fact that, even though the court looked to the grounds in that motion to help it ascertain whether or not the motion to reopen should be granted, the court did not need to decide and in this articulation does not reach the motion to dismiss. Accordingly, the court file should be corrected to reflect no action on the motion to dismiss.
CLARINE NARDI RIDDLE, J.