[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
On or about November 18, 1992, the defendants, Donald and James Hemond, entered into an agreement entitled "Purchase and Sale Agreement" (agreement) to purchase property owned by Charlotte L. Luginbuhl, Glenn Luginbuhl and Mariella Luginbuhl (plaintiffs) located at 271 Shenispit Lake Road, Tolland, Connecticut. The property in question is a residence and horse farm, (Quintree Stables) which is zoned commercially.
Pursuant to a prior agreement, the defendants took occupancy of the premises, and pursuant to the November 18, 1992 agreement were allowed to remain in occupancy. See (Agreement, paragraph 3).[1]
The agreement also provided that in the event of a default of any payment, "the Sellers may take immediate possession of the Premises by summary process or by peaceful repossession. . . ." See (Agreement, paragraph 13-B).
In June of 1996, the defendants failed to submit to the plaintiff the monthly payment of $2,914.19 as called for in the agreement.[2] After the defendants defaulted on their payment, the plaintiffs filed this summary process action against the defendants to obtain possession of the premises.[3]
The defendants have filed a motion to dismiss the summary process action because: (1) General Statutes § 47a-2 (a)(2) exempts this action from summary process because the defendants occupy the premises pursuant to a contract of sale; and (2) there exists a prior pending action between the identical parties arising out of the same factual circumstances and the alleged contract involving the same basic causes of action. See (Defendants' brief, p. 5-6). The defendants filed a memorandum in support of its motion to dismiss on July 22, 1996. The plaintiffs filed a memorandum objecting to the motion to dismiss on July 31, 1996.
— — — —
Although the defendants have failed to specifically state as such, the court considers the defendants' contention that they fall within an exception to summary process pursuant to General Statutes CT Page 5495-FF § 47a-2 (a)(2) as an argument that the court lacks subject matter jurisdiction over the defendants. The court may grant a defendant's motion to dismiss only when it clearly appears on the face of the entire record that the court is without jurisdiction.In re Baskin's Appeal from Probate, 194 Conn. 635, 640,484 A.2d 934 (1984). The motion to dismiss "admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Citations omitted.) Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988); see also Dugay v. Hopkins, 191 Conn. 222,227, 464 A.2d 45 (1983). In deciding a motion to dismiss, the court must consider factual allegations of the complaint in the light most favorable to the plaintiff. Tamm v. Burns, 222 Conn. 280,285 n. 3, 610 A.2d 590 (1992); American Laundry Machinery, Inc.v. State, 190 Conn. 212, 217, 459 A.2d 1031 (1983).
I. Does General Statutes § 47a-2 (a)(2) preclude the plaintiffsfrom bringing a summary process action?
A. General Statutes § 47a-2 (a)(2) provides in relevant part: "[T]he following arrangements are not governed by this chapter and sections. . . 47a-23 to 47a-23b[4] . . . (2) occupancy under a contract of sale of a dwelling unit or the property of which such unit is a part, if the occupant is the purchaser or a person who succeeds to his interest. . ."
In the present action, the defendants argue that the court should dismiss the summary process action because the alleged purchase and sale agreement exempts them from being evicted by summary process. The parties, however, are in dispute over whether the agreement constitutes a lease or a purchase and sale agreement.
In the present action, the defendants have not shown by prima facie evidence that the agreement in dispute is a purchase and sale agreement rather than a lease agreement such that the defendants are subject to the statutory exception under General Statutes § 47a-2 (a)(2). Practice Book § 143 provides that the motion to dismiss shall be filed with a supporting memorandum of law, and where appropriate, the parties shall file and serve supporting affidavits as to facts not apparent on the record. Practice Book § 143; see also Barde v. Board of Trustees, supra, 207 Conn. 62. The defendants have not filed any affidavits in support of its contention that the agreement is, in fact, a purchase and sale agreement. Absent supporting affidavits, there are disputed issues of fact which are not properly determined in a motion to dismiss. CT Page 5495-GG
Moreover, whether the agreement in question constitutes a lease or a purchase and sale agreement is a question of fact from which the court must consider the "reasonable inferences to be drawn from the circumstances of the transaction between [the parties]." Bourque v. Morris, 190 Conn. 364, 369, 460 A.2d 1251
(1983); see also Ives v. Willimantic, 121 Conn. 408, 411,185 A. 427 (1936) ("the intention of the parties to contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction."); Granite Equipment Leasing Corp. v. Acme Pump Co.,Inc, 165 Conn. 364, 368, 335 A.2d 294 (1973) (court must ascertain parties' intent in distinguishing a true lease from a security agreement).
The defendants are correct in relying on Chomko v. Patmon,19 Conn. App. 483, 563 A.2d 311 (1989) for the proposition that a summary process action is dependant upon the court's finding of a landlord and tenant relationship between the parties. Chomko v.Patmon, supra, 19 Conn. App. 486-87. The Chomko court, however, stated that "it was necessary for the trial court first to determine whether a landlord and tenant relationship existed." Id., 486. This determination was made from a judgment rendered by the trial court and not by a motion to dismiss. Id. The court can only determine the intent of the parties at a hearing where the parties can present evidence as to their intent to create a lease or purchase and sale agreement.[5] Accordingly, when construing the complaint in the light most favorable to the plaintiff, the court must deny the defendants' motion to dismiss.
B: Assuming arguendo that the court, after a hearing, finds that the agreement is not a lease, the court would then have to determine whether the exemption from summary process recited in C.G.S. § 47a-2 (a) i.e. . . . "Occupancy under a contract of sale of a dwelling unit or the property of which such unit is a part . . ." applies in this situation. The subject property is used for commercial purposes but also has a dwelling on it. Connecticut law seems clear that if the property were used solely for commercial purposes, this exemption would not apply. However, here, on this property, there is a dwelling unit and a commercial business. This court has found no cases, either in Connecticut or elsewhere, on this point, i.e. whether there is an exemption when the property is used for both purposes. Further, the legislative history speaks only to other provisions of the statute of which this is a part. The legislative history refers to apartment buildings and mobile homes, but does not appear to refer to them in regard to the CT Page 5495-HH subject exemption. In Hoban v. Masters, 36 Conn. Sup. 611, 613
(1980) appellate session of the Superior Court, Judge Bieluch states, inter-alia, "These statutes were passed to aid residential apartment dwellers. . . ." but gives no basis for that conclusion. He goes on to say that they ". . . do not apply to commercial leases." In Hoban, the subject premises were used solely as a restaurant. Depending upon the finding of the court after hearing, the parties may be asked to submit further briefs on the applicability of this exemption to the present situation based upon the dual use of the premises.
II. Should the court dismiss this summary process action becauseof the prior pending action doctrine: i.e. the prior action being#CV960061232?
Pursuant to the prior pending action doctrine, "the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal."Halpern v. Board of Education, 196 Conn. 647, 652-53, 495 A.2d 264
(1984); Conti v. Murphy, 23 Conn. App. 174, 178, 579 A.2d 576
(1994).
For the prior pending action doctrine to be invoked properly, both actions must be pending in the same state and they must involve the same issues. Halpern v. Board of Education, supra,196 Conn. 652-53; Sauter v. Sauter, 4 Conn. App. 581, 584,495 A.2d 1116 (1985).
"The [prior pending action doctrine] does not apply when the two actions are for different purposes or ends or involve different issues." Fisherman v. Middlesex Mutual Assurance Co., 4 Conn. App. 339,347-48, 494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57
(1985).
The court, therefore, must "examine the pleadings to ascertain whether the actions are `virtually alike'." Solomon v. Aberman,196 Conn. 359, 382, 493 A.2d 193 (1985).
The court finds that the two actions involve different issues, namely summary process solely to obtain possession of the premises and a separate action to obtain money damages. Accordingly, the prior pending action doctrine does not apply. See Yarbrough v.Demirjian, 17 Conn. App. 1, 3-4, 549 A.2d 283 (1988).
For all of the above mentioned reasons, the defendant's motion CT Page 5495-II to dismiss is denied, but may be revived for a hearing to determine the intent of the parties and the circumstances surrounding the purpose of the agreement.
Rittenband, J.