[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
In August of 1997, defendants became aware that a mobile manufactured home known as 42 Bay Colony Mobile Home Park, Newtown, Connecticut, was placed on the real estate market for sale by its owner, Ralph Sorely. Mr. Sorely operated the mobile manufactured home park. Defendants retained Attorney Evan Y. Shweky in connection with the purchase of this mobile manufactured home. Mr. Shweky had previously represented the defendants in connection with their failing business. Defendants agreed to purchase the home from the seller in exchange for $50,000, contingent upon the defendants obtaining financing. Defendants, however, were unable to obtain traditional bank financing due to their failing business and a prior bankruptcy filing. Plaintiff then purchased the mobile home from Mr. Sorely.
Attorney Shweky then arranged for the defendants to receive private financing from Jades Homes Co., Inc. in the amount of $22,000, and $25,000 from one Julie Brander. Attorney Shweky failed to disclose to the defendants, however, that the principal owners in Jade Homes, Inc. were his parents. Defendants learned of this relationship during the course of the trial.
On September 4, 1997, a document entitled "Lease" was signed by the defendants. Attorney Shweky signed the lease on behalf of Jade Homes Co. as its attorney. (Plaintiff's Exhibit 3.) Although Attorney Shweky represented both sides, there was no signed waiver of conflict introduced as an exhibit during trial. The "Lease" provides, inter alia, that "rent" would commence on October 2, 1997 in the amount of $403.52 per month. The term of the lease was September 4, 1997 through October 31, 1998. The document provided for a property transfer as soon as the note from the tenant to the landlord in the amount of $22,000 was paid in full. Pursuant to paragraph 17 of the document, the "tenant" would be in default if he failed to make any of the installment payments or failed to pay the $25,000 note to Julie Brander. Paragraph 24 provides that should the "tenants" default in any payment, all moneys paid toward the purchase of the mobile home shall be retained by the landlord as liquidated damages. Plaintiff's counsel indicated at trial that they had no intention CT Page 7329 of pursuing a claim under the liquidated damages clause.
On September 4, 1997, the defendants signed a promissory note promising to pay Jade Homes Co., Inc. the amount of $22,000 with an interest rate of 18.50 percent. The monthly installment payment was in the amount of $403.52. The entire amount of principal and interest was to be paid in full on or about September 30, 2002. At the closing on September 4, 1997, the defendants received a "Purchasers Statement" which indicated a sales price of $50,000. The defendants paid $3000 of their own money, and executed two promissory notes in the total amount of $47,000 for a total of $50,000. In addition, the defendants paid Attorney Shweky $1275 and prepaid interest of $305.25. (Defendants' Exhibit A.) According to a payoff statement dated May 4, 1999, the defendants have made principal payments on the two notes totaling $21,157.65. (Defendants' Exhibit B.) The defendants have paid taxes and assessments to the Town of Newtown.
Plaintiff commenced the instant summary process action on March 18, 1999 seeking possession of the mobile home unit after having served a notice to quit possession on February 26, 1999. The defendants failed to make their installment payments for January through April, 1999. Defendants have filed special defenses to the effect that they have an ownership interest in the mobile home and that a landlord-tenant relationship does not exist.
 II LAW
The legislature has expressly placed "occupancy under a contract of sale of a dwelling unit "outside the scope of the landlord-tenant and summary process evictions. Connecticut General Statutes § 47a-2(a)(2) provides in relevant part:
 [T]he following arrangements are not governed by [the Landlord Tenant Statutes]. . . (2) occupancy under a contract of sale of a dwelling unit or the property of which such unit is a part, if the occupant is the purchaser or a person who succeeds to his interest. . . .
The first consideration for the court in this matter is to determine whether or not a landlord and tenant relationship existed. A landlord and tenant relationship "will never be CT Page 7330 implied where the acts and conduct of the parties are `inconsistent with its existence.'" 49 Am.Jur.2d, Landlord and Tenant § 11. A review of the evidence in the matter leads the court to conclude that the acts and conduct of the parties were that of a sellermortgagee and buyer-mortgagor under the contract which they executed on September 4, 1997. The transaction on September 4, 1997 contained a document entitled "purchaser's statement." (Defendants' Exhibit A.) The defendants placed a $3000 deposit on the trailer at that time. Further, the defendants executed two promissory notes on that date. The contract provides for a property transfer upon payment of the note to the landlord. The tenant was responsible for insurance on the trailer home. Although the contract stated otherwise, both the representatives of the plaintiff and the defendants indicated that the defendants were responsible for the taxes on the trailer. Defendants were also required to pay for all utilities and services at the premises. The document may be entitled "Lease," but it is found by the court to be a contract for sale. All the indicia of ownership are present except for the title deed and mortgage deed. See Chomko v. Patmon, 19 Conn. App. 483
(1989). Indeed, the transaction is akin to a bond for deed transaction without the execution or recording of the bond for deed and execution of the actual deed and mortgage at the time of closing. R. Burke, Connecticut Real Property Law § 64.
The fact that all documents necessary for a bond for deed were not executed, must relate back to the conduct of the attorney in this matter. Not only did Mr. Shweky represent both sides of the transaction without a written waiver, he also failed to notify the buyers that his parents were the principal owners of the plaintiff. In addition, he signed the document as an agent of the plaintiff. The court cannot countenance such conduct. Assuming, arguendo, that the court found any ambiguity with this contract, such ambiguity must be resolved in favor of the defendants due to Attorney Shweky's drafting of the agreement.
In view of the fact that the court finds that a landlord-tenant relationship did not exist, it is not necessary for the court to reach the myriad of issues which exist in this matter.
 III CONCLUSION
For the reasons stated above, the court finds that the CT Page 7331 defendants occupied their trailer under a contract of sale and that a landlord-tenant relationship did not exist. Therefore, the matter is not appropriate for summary process consideration.
Judgment enters, accordingly, in favor of the defendants.
Dennis G. Eveleigh, Judge