[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Motion to Strike
 I FACTS
On March 31, 1994, Scott White entered into possession of the premises known as 4 Cross Street, Chaplin, Connecticut, pursuant to a lease with an option to buy. On October 26, 1999, the plaintiff, CIK, served notices to quit upon both Scott and Sandra White for nonpayment of rent. Said notices ordered Sandra and Scott White to vacate the premises on or before November 4, 1999. The Whites remained in possession of the premises following the expiration of the quit date, and CJIK instituted the present eviction action in the Housing Session at Danielson by serving a writ, summons and complaint upon the Whites on November 22, 1999.
On December 15, 1999, CJK filed an amended complaint, and, in response, on January 24, 2000, the Whites filed a motion to strike the entire complaint, or, in the alternative, portions thereof CT Page 4644
As required by Practice Book § 10-42, the defendants have filed a memorandum in support of their motion to strike, and the plaintiffs have timely filed a memorandum in opposition.
 II STANDARD
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded."Napoletano v. CIGNA Healthcare of Connecticut. Inc.,238 Conn. 216, 232, 680 A.2d 127, cert. denied, 520 U.S. 1103,117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). The court "must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). "Because a motion to strike challenges the legal sufficiency of a pleading, [it,] consequently, requires no factual findings by the trial court. . . ." ATC Partnership v. Windham, 251 Conn. 597, 603
___ A.2d ___ (1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
 III DISCUSSION 
The defendants move to strike the entire amended complaint on the ground that the contract attached to the amended complaint is a bond for deed and not a lease,[1] and, therefore, the complaint fails to state a cause of action upon which relief can be granted. In the alternative, the defendants move to strike the entire amended complaint only as it relates to Sandra White on the grounds that the amended complaint is self-contradictory, the notice to quit is defective and the complaint fails to state a claim upon which relief can be granted. Lastly, the defendants move, in the alternative, to strike paragraph three of the amended complaint on the ground that it fails to state a claim upon which can be granted.
Although the Whites' motion is styled as a motion to strike; Practice Book § 10-39, et seq.; by attacking the notice to quit and raising other issues of this court's subject matter CT Page 4645 jurisdiction, it is submitted that the matter would be more properly raised by a motion to dismiss in accordance with Practice Book § 10-30, et seq. The Whites, however, have apparently chosen to bypass this pleading; see Practice Book §§ 10-6 and 10-7; and to seek only to strike the complaint, or portions thereof, but as subject matter jurisdiction cannot be waived; see Practice Book § 10-33; the court will treat the "Whites' motion, at least in part, as a motion to dismiss.
 A Whether the Parties' Agreement is a Lease or a Bond for Deed 
The Whites move to strike the entire amended complaint on the ground that the complaint fails to state a cause of action upon which relief can be granted because their contract is a bond for deed and not a lease. The Whites argue that "[s]ummary process is not a remedy for an occupant under a contract for sale. . . . [T]he Connecticut courts have traditionally frowned upon the use of [summary process] where an issue of equity position in real property by the defendants exists and require that a foreclosure action be instituted. . . . Exhibit B is obviously a contract for sale or a contract to convey title by way of a deed (bond for deed), [therefore] summary process is not an available remedy."
In response, CJK argues that the contract "clearly sets forth a landlord tenant relationship. " Specifically, CJK argues that the contract "provides for a rent payment and a termination in the event the rent remains unpaid for thirty days. It specifically provides that the Lessor may obtain possession in the event of nonpayment through summary process. In addition the lease contains an option to buy which specifically includes the provision that any monies applied to the option shall be treated as rent in the event the Lessee makes a rental payment more than thirty days late."
The court agrees with that the Whites are correct in their assertion that if this contract is, in fact, a bond for deed[2]
and not a lease, then summary process is not appropriate. General Statutes § 47a-2 specifically provides that the remedy of summary process does not apply to "occupancy under a contract of sale of a dwelling unit or the property of which such unit is a part, if the occupant is the purchaser or a person who succeeds to his interest." However, the issue of whether this contract was a lease or a bond for deed is a question of the intent of the CT Page 4646 parties. See Pesino v. Atlantic Bank of New York, 244 Conn. 85,91-92, 709 A.2d 540 (1998); Chomko v. Patmon, 19 Conn. App. 483,486, 563 A.2d 311, cert. denied, 212 Conn. 819, 565 A.2d 539
(1989).
"A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . . Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citation omitted; internal quotation marks omitted.) Pesino v. Atlantic Bank of New York, supra, 244 Conn. 91-92.
The plaintiff, CJK, has instituted a summary process proceeding, the sole purpose of which "is to permit a landlord to recover possession of his premises upon the termination of a lease." Chomko v. Patmon, supra, 19 Conn. App. 486. Where an action is brought pursuant to a summary process proceeding, "it [is] necessary for the trial court first to determine whether a landlord and tenant relationship exist[s]." Id.
In the present case, the contract, signed by Scott White, was entitled "lease with option to buy." (Plaintiffs Exhibit B.) The first paragraph of the agreement begins with "[t]his lease made this 31st day of March, 1994. . . ." (Id.) Paragraph two states that "[t]his Lease is to run from March 1, 1994 to April 30, 2014, unless sooner terminated as hereinafter provided." (Id.) The parties are referred to as "LESSEE" and "LESSOR" throughout the writing. (See id.) The payments to be made by Scott White are referred to as "rent" throughout the agreement. (See id.) The agreement further provides in paragraph 5 that "if said rent shall remain unpaid for 30 days after the same shall become due CT Page 4647 and payable . . . or, if said LESSEE shall violate any of the covenants and stipulations . . . then, the LESSOR may, at its option . . . declare this Lease expired and terminated and the LESSOR may at any time thereafter re-enter said premises, and . . . may recover possession thereof in the manner prescribed by the statute relating to summary process." (Id.)
As the Whites point out, the agreement also provides that "LESSOR shall have the option to buy said premises from the LESSOR at a purchase price of $60,000, [and] as a result of said option, all monies paid hereunder as rent, and the deposit, shall be credited to the purchase price. . . ." (Id., § 7.) However, the agreement continues, in the same paragraph, to state that "[t]he LESSOR and LESSEE agree that in the event that the LESSEE shall fail to make any payment by the 30th day of any month, then, all monies due hereunder shall be treated as rent, and the LESSEE shall lose their right to purchase the rental premises." (Id.)
Despite the Whites' assertion that this agreement was a bond for deed and no landlord tenant relationship exists, the clear language of the writing demonstrates otherwise, and that the agreement contains such definitive language that the determination of the parties' intent is a question of law rather than fact. See Pesino v. Atlantic Bank of New York, supra,244 Conn. 91-92. Accordingly, under the explicit terms of the parties' written agreement, the writing constitutes a lease with an option to purchase, and the relationship between the parties is, therefore, one of landlord and tenant. The motion to strike (and/or dismiss) the entire complaint upon the ground that the contract was a bond for deed and not a lease should, therefore, be denied. This matter is properly before the court in a summary process action, and the plaintiff, CIK, has stated a legally sufficient claim.
 B Whether Sandra White is a Proper Party to this Action
The Whites also move to strike the entire amended complaint as it relates to Sandra White on the grounds that it is self-contradictory, the notice to quit is defective and the complaint fails to state a claim upon which relief can be granted. The Whites argue that "there is a fatal inconsistency between the notice to quit alleging nonpayment of rent and the attached document labeled Exhibit B [because] . . . Sandra White CT Page 4648 is not a party to the Lease [and] has no duty to pay rent." CJK responds that "Sandra White is a necessary party to this action . . . [because a] summary process judgment would not bind an adult occupant who is not a named defendant in the action."
General Statutes § 47a-23(a) provides, in relevant part: "When the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building . . . and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons. . . . (D) non-payment of rent . . . such owner or lessor . . . shall give notice to each lessee oroccupant to quit possession or occupancy or such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupancy to quit possession or occupancy." (Emphasis added.)
"An analysis of Chapter 832 [General Statutes § 47a-23, et seq.] can only lead to the conclusion that the legislature intended that every adult occupant of a dwelling unit must receive the notice to quit and be part of the eviction process. . . . [A] summary process judgment does not bind, with certain exceptions, adult occupants who are not named defendants, if the occupant can prove [her] occupancy commenced prior to the service of the notice to quit. . . ." Later v. Pellettieri,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. SPH-9004-55199 (January 28, 1991, Berger,J.) (H-937).
"[T]he legislature has chosen to require the service of notice to quit on all adult occupants under Chapter 832. Whether the occupant was a named tenant is of no importance; whether the occupant pays rent or rents is of no importance, whether [she] has ever had any lawful right to be there is of no importance." Id.
Pursuant to the requirements of General Statutes § 47a-23, et seq., Sandra White, as a adult occupant of the premises, was properly served with a copy of the notice to quit. Accordingly, the motion to strike (and/or dismiss)is denied as to the second ground.
 C
CT Page 4649 Whether Paragraph Three States a Legally Sufficient Claim
Finally, the Whites seek to strike paragraph three of the amended complaint on the ground that it fails to state a claim upon which relief can be granted because it alleges that Scott and Sandra White failed to pay rent for April, 1999. The Whites argue that "the Plaintiff alleges nonpayment of rent for the months of April, August and September, 1999. The months of May, June and July are not included and it must be assumed that the rent for these months were (sic) paid." Specifically, the Whites continue, "[i]n Connecticut, acceptance of rent by a landlord after termination of a tenancy waives the default."
CJK argues that "[t]he Defendants unsuccessfully sought the deletion of this statement in their Request to Revise filed [and denied] immediately prior this Motion to Strike." CJK further argues that "[t]he Defendants fail to provide any legal authority to support the striking of this claim."
The law concerning a motion to strike is well settled. A motion to strike admits all facts well pleaded, and its only function is to test the legal sufficiency of the pleading. See Napoletano v.CIGNA Healthcare of Connecticut. Inc., supra, 238 Conn. 232. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580.
Paragraph three of CJK's amended complaint states that "[t]he defendants failed to pay the rent due for April, August and September, 1999." Construing the facts in the complaint most favorably to the plaintiff, if proven, these facts would support the grounds of the notice to quit and, accordingly, support this action. The motion to strike paragraph three is denied.
Foley, J.