Argued and submitted November 1, 2005, decision of Court of Appeals reversed; judgment of circuit court affirmed June 22, 2006

Kyra BURKE,
*Petitioner on Review,*

*v.*

OXFORD HOUSE OF OREGON CHAPTER V,
an unincorporated association,
Oxford House-Ramona,
an unincorporated association,
Oxford House, Inc.,
a Delaware non-profit corporation,
*Respondents on Review.*

(CC 0105-05394; CA A119933; SC S52226)

137 P3d 1278

Edward Johnson, Oregon Law Center, Portland, argued the cause for petitioner on review. With him on the briefs

were Mark G. Passannante, of Broer & Passannante, and Maureen Leonard.

Craig Colby, Portland, argued the cause for respondents on review. With him on the brief was Frank Wall.

Kathleen L. Wilde and James A. Wrigley, Oregon Advocacy Center, Portland, filed a brief on behalf of *amici curiae* Fair Housing Council of Oregon and Oregon Advocacy Center.

Adam Scott Arms, McKanna, Bishop, Joffe & Sullivan, LLP, Portland, filed a brief on behalf of *amici curiae* Community Alliance of Tenants and JOIN.

Before Carson,** Chief Justice, and Gillette, Durham, Riggs, De Muniz,*** Balmer, and Kistler, Justices.

CARSON, J.

---

** Chief Justice when case was argued.

*** Chief Justice when decision was rendered.

## CARSON, J.

This case requires us to decide whether defendants were subject to the requirements of the Residential Landlord and Tenant Act (RLTA), ORS chapter 90. Plaintiff brought an action against defendants, Oxford House, Inc.; Oxford House of Oregon, Chapter V; and Oxford House-Ramona, because they evicted her from her residence without following the requirements of the RLTA. Defendants moved for summary judgment, claiming, among other things, that the nature of their relationship with plaintiff exempted them from the RLTA. The trial court, in denying defendants' motion for summary judgment, rejected that argument and granted plaintiff's cross-motion for summary judgment, concluding that the RLTA applied to defendants' arrangement with plaintiff. Defendants appealed, and the Court of Appeals reversed the judgment of the trial court, concluding that defendants' arrangement with plaintiff fit within two separate exemptions from the RLTA's requirements. *Burke v. Oxford House of Oregon Chapter V*, 196 Or App 726, 744, 103 P3d 1184 (2004). We allowed plaintiff's petition for review and now reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

The following facts are undisputed. Defendant Oxford House, Inc., is a nonprofit corporation established "to allow recovering alcoholics and drug addicts to support each other on the road to independent living." To further that mission, Oxford House, Inc., grants charters to Oxford House chapters, and those chapters establish and maintain individual Oxford House residences. Those residences are unsupervised, and Oxford House provides no professional services to members living at its residences. The essential purpose of the Oxford House structure is to allow recovering alcoholics and drug addicts to live together in a common drug-and-alcohol-free residence. Oxford House, Inc., also provides support services to assist Oxford House chapters and individual Oxford Houses in establishing common residences for Oxford House members. Oxford House, Inc., requires, as a condition of being granted a charter and of maintaining that charter, that each Oxford House chapter, and the houses run by that chapter, comply with three rules: (1) each Oxford House must

be run democratically, with most decisions made by a majority vote of members living in the house; (2) each Oxford House must be financially self-supporting; and (3) any member who relapses and begins using drugs or alcohol must be expelled from the house immediately.[1]

Defendant Oxford House of Oregon, Chapter V (Oxford House Chapter V) is an unincorporated association of recovering alcoholics and drug addicts. Oxford House, Inc., has granted a charter to Oxford House Chapter V and has authorized Oxford House Chapter V to establish and maintain individual Oxford House residences.

Defendant Oxford House-Ramona is an individual Oxford House residence, established under the Oxford House Chapter V charter. Oxford House-Ramona provides housing for three to six recovering alcoholics or drug addicts in a single house leased in the name of Oxford House Chapter V. Oxford House members living in Oxford House-Ramona are assigned their own bedrooms but share all other living spaces

---

[1] According to Oxford House rules, a member also can be expelled immediately, by a majority vote of house members, for engaging in disruptive behavior, stealing, or not paying rent. Conversely, the Residential Landlord and Tenant Act (RLTA) requires a landlord to give a tenant a minimum of 24 hours' notice before terminating a tenancy. *See former* ORS 90.400(3) (1999), *renumbered as* ORS 90.396 (2005) (providing that landlord may terminate tenancy on 24 hours' written notice if tenant commits certain acts). Of particular interest here, *former* ORS 90.400(9) (1999), *renumbered as* ORS 90.398 (2005), allows for speedy, although not immediate, termination of a tenancy for drug and alcohol free housing. That statute provides:

"If a tenant living for less than two years in drug and alcohol free housing uses, possesses or shares alcohol, illegal drugs, controlled substances or prescription drugs without a medical prescription, the landlord may deliver a written notice to the tenant terminating the tenancy for cause as provided in this subsection. The notice shall specify the acts constituting the drug or alcohol violation and shall state that the rental agreement will terminate in not less than 48 hours after delivery of the notice, at a specified date and time. The notice shall also state that the tenant can cure the drug or alcohol violation by a change in conduct or otherwise within 24 hours after delivery of the notice. If the tenant cures the violation within the 24-hour period, the rental agreement shall not terminate. If the tenant does not cure the violation within the 24-hour period, the rental agreement shall terminate as provided in the notice. If substantially the same act that constituted a prior drug or alcohol violation of which notice was given reoccurs within six months, the landlord may terminate the rental agreement upon at least 24 hours' written notice specifying the violation and the date and time of termination of the rental agreement. The tenant shall not have a right to cure this subsequent violation."

*Former* ORS 90.400(9) (1999).

in the house. Members pay a monthly membership fee, the majority of which goes toward paying the rent for the house. The monthly fee also covers shared expenses such as electricity and cable television, and part of the fee is sent to Oxford House, Inc., as a "contribution."

Plaintiff lived at Oxford House-Ramona. In February 2001, following a dispute with a fellow member, a majority of the members of Oxford House-Ramona found that plaintiff had violated a rule prohibiting disruptive behavior. Consequently, they evicted plaintiff from Oxford House-Ramona and gave her 15 minutes' notice to remove her belongings. Plaintiff was unable to remove all her belongings, and other Oxford House members moved the remaining belongings to the garage. Some of plaintiff's belongings were lost or stolen before she could retrieve them. Plaintiff sued defendants, seeking a declaratory judgment that defendants were subject to the requirements of the RLTA and seeking damages for her lost property and statutory damages[2] for what she asserted was an unlawful eviction.

Defendants filed a motion for summary judgment, asserting that (1) they were not subject to the requirements of the RLTA because their arrangement with plaintiff was exempt from that act's coverage; (2) they had formed no landlord-tenant relationship with plaintiff; and (3) the RLTA was preempted by federal law. Plaintiff filed a cross-motion for summary judgment, opposing each of defendants' legal arguments and asserting that she was entitled to prevail on her claims as a matter of law. More specifically, plaintiff argued, both in the trial court and before the Court of Appeals, that defendants could not qualify as exempt from the RLTA because they had structured their relationship with plaintiff to avoid application of the RLTA, in violation of ORS 90.110. In response to those motions, the trial court concluded that

---

[2] For example, ORS 90.375 allows a tenant to recover "up to two months' periodic rent or twice the actual damages sustained by the tenant * * *" for an unlawful eviction. *Former* ORS 90.425(16)(a) (1999), *renumbered as* ORS 90.425(17)(a) (2005), allows a tenant to recover "up to twice the actual damages sustained by the tenant" if the landlord fails to follow certain procedures when dealing with tenant property. Under ORS 90.245 a tenant may "recover in addition to the actual damages of the tenant an amount up to three months' periodic rent[ ]" if the landlord attempts to enforce certain, prohibited, rental agreement provisions.

(1) defendants and plaintiff had a landlord-tenant relationship covered by the RLTA; (2) defendants were not exempt from the requirements of the RLTA; (3) the RLTA was not preempted by federal law; and (4) plaintiff was entitled to her requested relief.[3]

Defendants appealed, and the Court of Appeals concluded that defendants' relationship with plaintiff fit within two exemptions from the RLTA's coverage. *Id.* Based upon that conclusion, the Court of Appeals reversed the judgment of the trial court and remanded the case for entry of a judgment in defendants' favor. *Id.* Plaintiff sought and we allowed review of the Court of Appeals decision.

Before this court, defendants assert only that (1) they were not subject to the requirements of the RLTA because their relationship with plaintiff was exempt from that act's coverage and (2) they had formed no landlord-tenant relationship with plaintiff. Defendants concede that the RLTA was not preempted by federal law.

We consider only defendants' first argument because defendants did not raise their second argument to the Court of Appeals below. The trial court specifically concluded that defendants and plaintiff had formed a landlord-tenant relationship. Before the Court of Appeals, defendants argued only that they were not subject to the requirements of the RLTA because their relationship with plaintiff was exempt from that act's coverage and that federal law preempted the RLTA. On appeal, defendants presented no argument that they had formed no landlord-tenant relationship with plaintiff. On review, questions before this court "include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court." ORAP 9.20(2). Because defendants failed to present the Court of Appeals with the question whether defendants and plaintiff had formed a landlord-tenant relationship, we decline to consider it.

Therefore, the sole issue before this court is whether defendants were subject to the requirements of the RLTA.

---

[3] The parties subsequently agreed on the amount of plaintiff's damages, and the trial court entered judgment accordingly.

Fortunately, that issue is more interesting than it is difficult. For the reasons that follow, we conclude that the RLTA applied to the relationship between plaintiff and defendants.

The RLTA "applies to, regulates and determines rights, obligations and remedies under a rental agreement, wherever made, for a dwelling unit located within this state." ORS 90.115. However, ORS 90.110 lists various residential arrangements that are exempt from the RLTA's requirements. That statute provides, in part:

"Unless created to avoid the application of [the RLTA], the following arrangements are not governed by [the RLTA]:

"(1) Residence at an institution, public or private, if incidental to detention or the provision of medical, geriatric, educational, counseling, religious or similar service, but not including residence in off-campus nondormitory housing.

"* * * * *

"(3) Occupancy by a member of a fraternal or social organization in the portion of a structure operated for the benefit of the organization."

Although not exempt from the requirements of the RLTA, drug-and-alcohol-free housing facilities enjoy expedited eviction procedures under certain circumstances. *See former* ORS 90.400(9) (1999), *renumbered as* ORS 90.398 (2005) (providing for termination of tenancy on 48 hours' notice if tenant uses drugs or alcohol while living in drug-and-alcohol-free housing). To qualify for those expedited eviction procedures, the drug-and-alcohol-free housing providers must meet the following requirements, among others:

"(a) Each of the dwelling units on the premises is occupied or held for occupancy by at least one tenant who is a recovering alcoholic or drug addict and is participating in a program of recovery;

"(b) The landlord is a nonprofit corporation * * * or a housing authority * * *;

"(c) The landlord provides:

"(A)   A drug and alcohol free environment, covering all tenants, employees, staff, agents of the landlord and guests;

"(B)   An employee who monitors the tenants for compliance with the requirements of paragraph (d) of this subsection;

"(C)   Individual and group support for recovery; and

"(D)   Access to a specified program of recovery; and

"(d)   The rental agreement is in writing and includes the following provisions:

"(A)   That the tenant shall not use, possess or share alcohol, illegal drugs, controlled substances or prescription drugs without a medical prescription, either on or off the premises;

"* * * * *

"(C)   That the tenant shall participate in a program of recovery, which specific program is described in the rental agreement;

"* * * * *

"(F)   That the landlord has the right to terminate the tenant's tenancy in the drug and alcohol free housing for noncompliance with the requirements of this paragraph, pursuant to ORS 90.400(1) and (9) or 90.630."

ORS 90.243(1) (1999), *amended by* Or Laws 2003, ch 378, § 10.

The Court of Appeals held that defendants' arrangement with plaintiff fit into two of the exempt arrangements listed in ORS 90.110. We need not consider the correctness of that interpretation, however, because we conclude that the introductory phrase of ORS 90.110 precludes defendants from qualifying for any of the exemptions listed in ORS 90.110.

The record in this case includes a memorandum from Oxford House, Inc., that explains Oxford House operating procedures to "new [Oxford House] groups, landlords, rental agents[,] and local officials * * *." That memorandum is entitled "OXFORD HOUSE: The Legal and Policy Reasons

Underlying Oxford House Group Leas[es]." A subsection of that memorandum, entitled "Who Signs the Lease," provides:

"The signatory of the lease is the individual Oxford House; for example, Oxford House-Main Street. *The effect of this commitment by the group to the landlord is important because of the nature of Oxford House and the application of local landlord-tenant laws.*

"Oxford House works because an individual resident who returns to using alcohol or drugs—in or outside of the house—must be immediately expelled from the house. *If the individual is a signatory to the lease the immediate eviction becomes difficult, if not impossible, because of local landlord-tenant rights.* In many jurisdictions it takes up to ninety days to evict a tenant even for non-payment of rent. *Since no individual is a signatory to a Oxford House lease, the relapsing individual who is being evicted has no legal rights to delay his or her departure.* There is no way to accomplish this result without the signature on the lease being in the name of the particular Oxford House group."

(Emphasis added.) Defendants followed the procedures explained in that memorandum when establishing the lease agreement here. Specifically, the lease for Oxford House-Ramona was signed in the name of Oxford House Chapter V.

The introductory phrase of ORS 90.110 states that various listed arrangements are exempt from the application of the RLTA "[u]nless created to avoid the application of [the RLTA] * * *." The term "arrangements" includes not only the type of rental arrangement but also the procedures by which the parties have structured the rental arrangement. *See* ORS 90.110(2) (exempting from coverage of RLTA occupancy by purchaser of a dwelling prior to closing or by seller following closing if the occupancy is "permitted under the terms of an agreement for sale of [the] dwelling * * *.") The Oxford House memorandum clearly illustrates that defendants structure their lease arrangements to avoid application of the landlord-tenant laws. They readily proclaim that that is the purpose of their group lease requirement. Therefore, defendants may not avail themselves of any of the exemptions listed in ORS 90.110, and defendants were subject to the requirements of the RLTA. Consequently, plaintiff was entitled to summary

judgment because defendants did not comply with the requirements of the RLTA when evicting her.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.