ANGELO ALTOMARI ET AL. *v.* FRED
ALTOMARI ET AL.
(AC 30007)

Lavine, Beach and Robinson, Js.

Argued January 5—officially released May 18, 2010

*Abram J. Heisler*, for the appellant (named defendant).

*Joseph F. Mulvey*, for the appellees (plaintiffs).

*Opinion*

BEACH, J. The defendant Fred Altomari[1] appeals from the judgment rendered in favor of the plaintiff Angelo Altomari[2] in this summary process action seeking possession of the subject premises. The defendant claims that the trial court improperly found that the plaintiff had established that the defendant's right or privilege of occupancy had terminated.[3] We conclude that the court did not err in finding that the defendant once had the right or privilege to occupy the premises but that that right or privilege had terminated. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The plaintiff and the

[1] The summary process complaint also named "Jane Doe" as a defendant. She is not a party to the appeal. We also note that subsequent to the summary process trial, Frank Cantavero was appointed as conservator for his brother-in-law, Fred Altomari, and that this court granted the defendant's motion to substitute Frank Cantavero, conservator for Fred Altomari, for Fred Altomari. We will refer in this opinion, however, to Fred Altomari as the defendant.

[2] Phyllis Altomari, Angelo Altomari's wife, also is a plaintiff and allegedly a lessor of the subject premises. The trial court noted that she was a plaintiff and made no further comment about her other than to state that because she did not play a role in the factual circumstances of this case, "for the purpose of clarity," it would not refer to her in the opinion. We therefore refer to Angelo Altomari as the plaintiff for the purposes of this opinion.

[3] The defendant also claims that the court improperly found that the plaintiff was entitled to possession of the premises pursuant to a claim of lapse of time. Because we agree that the court properly concluded that the plaintiff was entitled to possession based on the claim that the defendant's right or privilege of occupancy had terminated, we need not decide the claim based on lapse of time.

defendant are brothers. On September 23, 1988, the plaintiff entered into a written agreement (conveyancing agreement) with his parents, Frank Altomari and Domenica Altomari. The parents agreed to convey the subject premises to him, and the parents retained the right to live in the subject premises for the remainder of their lives. The plaintiff agreed in the conveyancing agreement to "provide living accommodations for [the defendant], either on the premises or at some other premises in which [the plaintiff] resides."

On the same day that the plaintiff entered into the conveyancing agreement with his parents, he also entered into a partnership agreement with his siblings, Anthony Altomari, Maria Pisano and Lina Cantavero. The purpose of this partnership agreement was to use partnership funds "to provide for the care and welfare of the parents if needed by them." The partnership agreement also stated that "[i]n the event that a need arises for the welfare of [the defendant], then a majority vote of the [p]artners shall be needed to use [p]artnership funds for the benefit of [the defendant]." The partnership agreement further provided that "[i]n the event that the [p]artnership is dissolved then the [p]artners agree to make other living [a]ccommodations for [the defendant]." At trial, the plaintiff testified that the partnership had been dissolved in 2005 and that his parents were deceased.

Following the dissolution of the partnership, the plaintiff issued a notice to quit to the defendant and Jane Doe.[4] When the defendant did not leave the subject premises, the plaintiff brought a summary process action. The plaintiff sought to evict the defendant on three grounds: (1) lapse of time, (2) the defendant's right or privilege to use and occupy the premises had

---

[4] See footnote 1 of this opinion.

ended, and (3) the plaintiff wanted to remove the premises from the housing market.[5]

The defendant filed an answer and special defense to the plaintiff's complaint. In his answer, the defendant denied that the parties had an oral agreement and alleged as a defense that he maintained a life estate in the premises. At trial, the defendant claimed that his life estate was created by the conveyancing agreement between the plaintiff and his parents. The plaintiff claimed that the conveyancing agreement did not provide the defendant with a life estate, but, at most, required that the plaintiff provide the defendant with housing. In addition, the plaintiff argued that the partnership agreement superseded the conveyancing agreement between the plaintiff and his parents, and that under the partnership agreement, he was no longer obligated to provide the defendant with housing.

In its memorandum of decision, the court found that the partnership agreement did not modify or negate the terms of the conveyancing agreement between the plaintiff and his parents because his parents were not parties to the partnership agreement.[6] Nonetheless, the court found that the conveyancing agreement between the plaintiff and his parents did not convey to the defendant a life estate in the premises because the agreement did not create an interest in real property. Rather, the conveyancing agreement merely created, at most, a contractual duty for the plaintiff to provide the defendant with living accommodations. Noting that the defendant relied exclusively on his special defense that alleged that he had a life estate in the subject property, which the court concluded was incorrect, and suggesting that nothing else was contested, the court found in favor of

---

[5] In the plaintiff's posttrial brief, he appeared to have abandoned the claim that he wanted to remove the premises from the housing market.

[6] The defendant does not appear to have been a party to either the conveyancing agreement or the partnership agreement.

the plaintiff as to the first and second counts of the complaint. The court rendered judgment in favor of the plaintiff for immediate possession of the property, with a statutory stay of execution. This appeal followed.

The defendant claims that the court incorrectly held that his right or privilege of occupancy had terminated. We disagree.

The defendant argues that his right to occupy the subject premises was created by the conveyancing agreement between his parents and the plaintiff. He contends that because the plaintiff was required to provide housing for him at either the subject premises or at the plaintiff's residence and because the plaintiff stated that he had no intention of allowing the defendant to reside in his home, by default, he has a right to occupy the premises.

"[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *Gentile* v. *Carneiro*, 107 Conn. App. 630, 640, 946 A.2d 871 (2008). Our review of the record indicates that the court's determinations that the defendant no longer had a right to reside in the subject premises and never had a legally cognizable life estate are sufficiently supported by the evidence and are not clearly erroneous.

"Summary process is aimed at deciding the simple question of who is entitled to possession." *Yarbrough* v. *Demirjian*, 17 Conn. App. 1, 3, 549 A.2d 283, cert. denied, 209 Conn. 828, 552 A.2d 434 (1988). The defendant conceded at oral argument before this court that he does not hold a life estate in the subject premises. He relies solely on a provision in the conveyancing agreement between the plaintiff and his parents to support his right to remain on the property. Regardless of

what other rights or duties may have been created by the conveyancing agreement, it did not entitle the defendant to possess the property as a tenant for life. The plaintiff permitted the defendant to live on the premises for a period of time but then informed the defendant that he no longer had the privilege to reside in the premises. General Statutes § 47a-23 (a) provides in relevant part that "[w]hen the owner . . . desires to obtain possession or occupancy of any land or building . . . and . . . (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . such owner or lessor . . . shall give notice to each . . . occupant to quit possession or occupancy . . . ." The plaintiff gave notice to the defendant that he must quit possession or occupancy of the property in accordance with the statute.[7] Accordingly, the court did not err in rendering judgment in favor of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] We, of course, express no opinion as to the effect of the statement in the conveyancing agreement that the plaintiff "agrees to provide living accommodations for [the defendant], either on the premises or at some other premises in which [the plaintiff] resides" other than that it does not necessarily create a life estate in the specific premises in favor of the defendant.