******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BAYRON CASTRO *v.* MORTGAGE LENDERS
NETWORK USA, INC., ET AL.
(AC 36500)

DiPentima, C. J., and Keller and West, Js.

*Argued November 19, 2014—officially released July 7, 2015*

(Appeal from Superior Court, judicial district of
Ansonia-Milford, Hon. John W. Moran, judge trial
referee.)

*Bayron Castro*, self-represented, the appellant (plaintiff), filed a brief.

*Sean R. Higgins*, with whom, on the brief, was *Patrick T. Uiterwyk*, for the appellees (defendant Mortgage Electronic Registration System et al.).

*Opinion*

WEST, J. In this statutory action to quiet title to property in Seymour, the plaintiff, Bayron Castro, appeals from the judgment granting a motion to dismiss in favor of the defendants, Mortgage Electronic Registration System, Inc., A.S.C.–America Servicing Company, and HSBC Bank USA National Association (HSBC).[1] On appeal, the plaintiff claims that the trial court improperly dismissed his quiet title complaint.[2] We reverse the judgment of the court.

The following facts and procedural history are relevant.[3] On December 8, 2006, the plaintiff executed a note in favor of Mortgage Lenders Network USA, Inc. to purchase property at 8-10 Rimmon Street in Seymour, the repayment of which was secured by a mortgage. Mortgage Electronic Registrations System, Inc., is identified as the mortgagee in the mortgage, and on April 11, 2012, the mortgage was assigned to HSBC. Thereafter, the plaintiff defaulted on the note, and HSBC began foreclosure proceedings on June 24, 2013. The foreclosure action is still pending. See *HSBC Bank USA, N.A.*, *Trustee* v. *Castro*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-13-6013507-S.[4]

On October 28, 2013, the plaintiff filed the present action to quiet title to the Seymour property pursuant to General Statutes § 47-31. In his complaint titled "Complaint for Quiet Title," the plaintiff alleged, among other things, that he "did not hold the title and is only in adverse possession of the property . . . ."[5] On December 23, 2013, the defendants moved to dismiss the complaint, asserting that the court lacked subject matter jurisdiction because the plaintiff did not have standing to pursue the action. The defendants argued that the plaintiff was not aggrieved under § 47-31 because he could not prove that he had legal title to the property or that he had obtained the property through adverse possession by occupying the property for more than fifteen years. On January 23, 2014, the court granted the defendants' motion, concluding that the plaintiff could not invoke the provisions of § 47-31 because he did not hold legal title to the property. This appeal followed.

We begin by setting forth the legal principles and relevant standard of review that inform our analysis. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . Standing requires no more than a colorable claim of injury; a

[party] ordinarily establishes . . . standing by allegations of injury. Similarly, standing exists to attempt to vindicate arguably protected interests." (Internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 411, 35 A.3d 188 (2012).

"[B]ecause the issue of standing implicates subject matter jurisdiction, it may be a proper basis for granting a motion to dismiss. . . . The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Citations omitted; internal quotation marks omitted.) Id., 413.

"When a . . . court decides a . . . question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . Further, in addition to admitting all facts well pleaded, the motion to dismiss invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Citation omitted; internal quotation marks omitted.) *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 245–46, 969 A.2d 210 (2009).

Section 47-31 (a) provides: "An action may be brought by any person claiming title to, or *any interest in*, real or personal property, or both, against any person who may claim to own the property, or any part of it, or to have any estate in it, either in fee, for years, for life or in reversion or remainder, or to have any interest in the property, or any lien or encumbrance on it, adverse to the plaintiff, or against any person in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest, for the purpose of determining such adverse estate, interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the property. Such action may be brought whether or not the plaintiff is entitled to the immediate or exclusive possession of the property." (Emphasis added.)

In this case, it is undisputed that the plaintiff does not claim legal title. "With respect to mortgages, Connecticut follows the title theory of mortgages, which provides that on the execution of a mortgage on real property, the mortgagee holds legal title and the mortgagor holds equitable title to the property. . . . In a title theory state such as Connecticut, a mortgage is a vested fee simple interest subject to complete defeasance by the timely payment of the mortgage debt. . . .

The mortgagor has the right to redeem the legal title previously conveyed by performing the conditions specified in the mortgage document." (Internal quotation marks omitted.) *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 231, 896 A.2d 797 (2006).

An individual may also obtain title to property through adverse possession. "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for *fifteen years* under a claim of right by open, visible and exclusive possession of the claimant without license or consent of the owner." (Emphasis added; internal quotation marks omitted.) *Kramer* v. *Petisi*, 53 Conn. App. 62, 67, 728 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999); see also General Statutes § 52-575 (adverse possession statute of repose).

We conclude that the court improperly granted the defendants' motion to dismiss on the ground that the plaintiff was required to have legal title to invoke the provisions of § 47-31. Section 47-31 clearly states that an action to quiet title may be brought by any person claiming title to, or *any interest in*, real property. Therefore, legal title is not required to invoke the provisions of § 47-31. Although we further conclude, based on the record before us, that whether the plaintiff will be able to allege a sufficient cause of action under § 47-31 is not at all certain,[6] we are constrained by the law set out in *Loewenberg* v. *Wallace*, 147 Conn. 689, 166 A.2d 150 (1960). In that case, our Supreme Court stated that "[i]f the allegations of the complaint fail on their face to show in the plaintiff such a title to, or interest in, the property, their sufficiency may be attacked by [a motion to strike]." Id., 693; but see *Ferri* v. *Powell-Ferri*, 317 Conn. 223, 236–38, A.3d (2015) (summary judgment appropriate where complaint legally insufficient and where defect cannot be cured by repleading).

The judgment is reversed and the case is remanded with direction to deny the defendants' motion to dismiss and for further proceedings according to law.

In this opinion the other judges concurred.

[1] This court notes that although named as a defendant in the plaintiff's quiet title complaint, it appears from the record that the named defendant, Mortgage Lenders Network USA, Inc., did not file an appearance in this action and was not one of the defendants that filed the motion to dismiss at issue in this appeal. For clarity, we refer to Mortgage Electronic Registration System, Inc., A.S.C.–America Servicing Company, and HSBC as the defendants in this opinion.

[2] In his appellate brief, the plaintiff presents three claims: (1) the court improperly dismissed his quiet title complaint, (2) the court improperly failed to consider his cause of action for fraud, and (3) the court failed to grant him equal access to the court to redress his grievance. Upon our careful review of his brief and the record, we determine that the plaintiff has only raised one viable claim on appeal.

The plaintiff's second claim requires us to interpret the allegations of his complaint to determine what it fairly alleges. "The interpretation of pleadings presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Oxford House at Yale* v. *Gilligan*, 125 Conn. App. 464, 469, 10 A.3d 52 (2010). We carefully have reviewed the plaintiff's

complaint. The plaintiff included separate sections labeled "first cause of action," "second cause of action," and "third cause of action" in what appears to be an attempt to state causes of action for unfair business practices, unjust enrichment, and fraud, respectively. The plaintiff, however, titled his complaint, "Complaint for Quiet Title," and the primary relief sought was the quieting of title. Notably, in not addressing the fraud count, the trial court interpreted the complaint as we do.

The plaintiff's third claim that "[t]he trial court failed to grant [the plaintiff] equal access to the court to redress his grievance and equitable claims" is difficult to decipher. The plaintiff argues that "the prevailing standard for granting a dispositive motion is that there must be an absence of a genuine issue as to any material fact," and that there remain genuine issues of material fact because he made colorable claims in the body of his complaint. We do not consider this claim because it is inadequately briefed. *State* v. *Mendez*, 154 Conn. App. 271, 275 n.2, 105 A.3d 917 (2014) ("Our appellate courts repeatedly have recognized that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." [Internal quotation marks omitted.]).

We therefore only address the merits of the plaintiff's claim that the court improperly dismissed his quiet title complaint.

[3] In addition to considering the pleadings filed in the present action, we also take judicial notice of the pleadings filed in a pending foreclosure action relative to the same properties and involving the same parties, *HSBC Bank USA, N.A.*, *Trustee* v. *Castro*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-13-6013507-S.

[4] On August 21, 2014, in the foreclosure action, HSBC moved, pursuant to Practice Book § 17-32, that a default be entered against the plaintiff for failing to plead within the time required by Practice Book § 10-8. The clerk granted the motion on September 3, 2014. No further action has been taken against the plaintiff in the foreclosure proceeding as of June 26, 2015.

[5] Paragraph 8 of the plaintiff's quiet title complaint provides: "Plaintiff asserts that since [Mortgage Electronic Registration System, Inc.] held title to plaintiff's property . . . Mortgage Lenders Network USA, Inc.'s right to foreclose and sell plaintiff's property is a fraudulent conveyance of action against plaintiff's title because plaintiff did not hold the title and is only in adverse possession of the property through affirmation of occupancy dated December 8, 2006, and does not hold title."

[6] We note that the plaintiff's only claimed interest in the property in his complaint was that he acquired title to the property through adverse possession. The plaintiff alleged in his complaint and therefore, judicially admitted that he began occupying the property on December 8, 2006. See *Ferreira* v. *Pringle*, 255 Conn. 330, 345, 766 A.2d 400 (2001) ("[f]actual allegations contained in pleadings . . . are considered judicial admissions and hence irrefutable as long as they remain in the case" [internal quotation marks omitted]). Reading these allegations as pleaded by the plaintiff, even in the light most favorable to him, it is readily apparent that he admitted to occupying the property for less than fifteen years, and therefore, cannot satisfy one of the requirements of adverse possession. See *Kramer* v. *Petisi*, supra, 53 Conn. App. 67. The language of § 47-31 makes clear that one seeking to bring a quiet title action must have title or some interest in the property, and our Supreme Court has clearly stated that "[a]n essential of a complaint under our statute for quieting title . . . is a statement of the plaintiff's ownership of the land described or of an interest in it, and of his title thereto." (Citation omitted.) *Gager* v. *Carlson*, 146 Conn. 288, 289, 150 A.2d 302 (1959).